**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DAN R. ANGELL,**

    **Plaintiff,**

**vs.**                                                **CASE NO. 5:04CV427-SPM/AK**

**DISCOVER BANK, et al,**

    **Defendants.**

_____/

**O R D E R**

Presently before the Court in the above entitled action is Plaintiff's Motion for leave to proceed in forma pauperis. (Doc. 3). In the accompanying financial affiidavit, Plaintiff attests that he is working making $627.50 bi-weekly, owns a home, and a car, and receives $915.39 a month in retirement benefits, as well as $205.00 a month in disability benefits. Plaintiff lists monthly expenses of $1957.41. Having considered said motion, with accompanying affidavit, the Court finds that the motion should be DENIED for the following reasons.

Plaintiff brings this cause pursuant to 18 U.S.C. §1964, which provides for civil damages under the Racketeer Influenced and Corrupt Organizations Act (RICO). (Doc.

1).  Plaintiff brings claims against Discover Bank, attorneys Andrew D. Fleisher, Stanley Erskine and their law firm, Erskine and Fleisher, and John D. O'Brien, a judge.  Plaintiff complains that Fleisher and Erskine wrongly claimed that Plaintiff owed Discover Bank $14,000.00, they filed a "security instrument" evidencing this allegedly fraudulent debt, which O'Brien sanctioned in some form, and then the attorneys threatened Plaintiff, resulting in an unspecified damage to his business enterprise.  Plaintiff, in a conclusory manner, claims that Erskine and Fleisher are an "enterprise" that affects interstate commerce and engaged in a pattern of racketeering, *i.e.* extortion, against Plaintiff causing him damage.  Reading between the lines, it appears that money was owed to Discover Bank on a credit card, and the debt was turned over to the law firm of Erskine and Fleisher for collection, and a judgment lien was entered against Plaintiff, which Judge O'Brien signed.  This may or may not be the underlying facts, the complaint is too vague and conclusory to glean much more than this scenario from the pages submitted.  Clearly, Plaintiff takes issue with the debt and questions the authority of these attorneys to review his records and attempt to collect on the debt on behalf of Discover Bank.  These claims do not state a RICO claim for a number of reasons.

To establish a federal civil RICO violation, a plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994).  To qualify for civil damages, a plaintiff must also show that he sustained injury to his business or property that was the proximate cause of the racketeering activity.  Williams v. Mohawk Industries, Inc., 2005 WL 1355512 (11th Cir. June 9, 2005).

**No. 5:04cv427-spm/ak**

According to 18 U.S.C. §1961 (1) the racketeering activity must be an indictable felony, which are enumerated in that section. Plaintiff alleges fraud with no particularity and the scanty facts he offers do not appear to state any violation. Credit card companies frequently and legally authorize debt collection by attorneys and other firms. Plaintiff has not identified the illegal aspect of this practice and therefore fails on this element. Since he has failed to identify the crime allegedly committed by these persons, he has also failed to show an enterprise. Finally, he has identified no specific injury.

The Court makes these pronouncements not in an attempt to make a ruling on the merits of these claims since it is herein denying Plaintiff's motion for leave to proceed in forma pauperis, and therefore, will not review his complaint under 28 U.S.C. §1915A. Plaintiff should consider what the Court notes initially as deficiencies in the complaint if he decides to pay the filling fee himself and serve the Defendants with this pleading. Regardless, the motion for IFP shows that Plaintiff works and receives a retirement benefit and Veteran's Disability benefit each month. The Court finds that he has sufficient income to pay the filing fee and based on the nature of the complaint he purports to file, he should be required to pay the filing fee and service costs himself. Were the Court to grant him IFP status, it would recommend immediate dismissal of the complaint for failure to state a claim.

Accordingly, it is

**ORDERED:**

**No. 5:04cv427-spm/ak**

Plaintiff's motion to proceed in forma pauperis (doc. 3) is **DENIED**. Plaintiff shall on or before July 29, 2005, pay the full filing fee, which at the time of the filing of the complaint was $150.00. Failure to pay this fee by July 29, 2005, will result in a recommendation that this cause be dismissed for failure to prosecute.

**DONE AND ORDERED** at Gainesville, Florida, this **15th** day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 5:04cv427-spm/ak**